# Perratt's Estate.

*Decedent's estate—Claim for boarding deceased—Evidence—Insufficiency.*

A claim against a decedent's estate for board and lodging, furnished to the decedent for a period of three years before his death, will be refused, where the evidence failed to establish how much of the time during the period in question the decedent lived with the claimant, and where there was ample evidence to show that the deceased had paid for his boarding.


Argued April 18, 1923.  Appeal, No. 133, April T., 1923, by Henry E. Hartford, from the decree of O. C. Beaver Co., June T., 1922, No. 3, distributing the estate of Richard Perratt, deceased.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.


Exceptions to auditor's report distributing balance in the hands of the executor.  Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to David K. Cooper, Esq., as auditor, who filed a report refusing to allow the claim of Henry E. Hartford for board and lodging furnished decedent.  On exceptions to the auditor's report, the court dismissed the exceptions and confirmed the report.  Claimant appealed.


*Error assigned* was in dismissing exceptions.


*A. P. Marshall,* and with him *D. B. Hartford,* for appellant.


*J. Rankin Martin,* and with him *Homer H. Swaney,* for appellee.

PERRATT'S ESTATE.

OPINION BY PORTER, J., October 5, 1923:

This is an appeal from the decree of distribution. Henry E. Hartford presented a claim for boarding and lodging furnished the decedent from November 1, 1916, to the day of his death, on February 9, 1920, practically three years and three months, which claim the court disallowed, and the appeal is by the claimant.

The decedent was an unmarried man and during the latter years of his life had lived, at various times, with one or other of his nieces and nephews. Prior to November, 1916, he had been living with H. C. Elder, a nephew. About November 1, 1916, he went to live with the claimant, whose wife was a niece, upon a farm in Beaver County, and there spent much of his time until his death, but how much the evidence fails to give the slightest indication. He spent two winters during the period in question with a relative in the City of Pittsburgh. He lived a "good bit" of his time at the farm of a nephew, M. R. Elder, where he assisted with the harvesting, took his meals and occupied a room. M. R. Elder testified that while the decedent was living with him he worked on the farm and earned his board. There was also testimony that the decedent, during the time that he was staying with the claimant, helped to some extent with the work upon the farm. The court properly held that the relationship between the decedent and the wife of the claimant did not give rise to a presumption that the boarding was to be furnished gratuitously. The court, however, based its refusal to allow the claim upon two grounds: (1) The evidence failed to establish how much of the time, during the period in question, the decedent had lived with the claimant, and (2) that the decedent had paid for his boarding. We are of opinion that the evidence fully warranted the action of the court, upon the grounds stated. There was no pretense that the decedent had made any agreement to pay; if the claimant was entitled to recovery it was upon an implied contract to pay for the boarding and lodging which he furnished.

5, (1923).]            Opinion of the Court.

No witness pretended to say how many weeks the decedent had lived with the claimant, and the evidence clearly established that he had, during a considerable part of the time in question, been living with other relatives. The appellant utterly failed to produce testimony tending to establish how many weeks the decedent had lived with him and there was nothing in the evidence which afforded any satisfactory basis for computing the amount which he was entitled to recover, if entitled to recover anything. No demand was ever made by the appellant upon the decedent in his lifetime, although the latter had money and was always able to pay.

Homer Nicely, a disinterested witness, testified that on one occasion during the lifetime of the decedent the appellant had said to the witness "Richard Perrott paid his way as he went. He said he would not go to your place or my place and agree to pay board at so much per week, but every once in a while he handed Nettie a piece of money, meaning his wife." Nettie was the wife of the appellant and niece of the decedent. One of the witnesses called by the appellant testified, without objection, that the decedent had said to him, upon his return from having spent a winter with Sadie Sharpe in Pittsburgh: "that it cost him very little more to live with her than it did with Henry and Nettie," Henry and Nettie being the claimant and his wife. This testimony seemed to corroborate the testimony of Nicely, to the effect that the decedent "paid his way as he went." The finding of the court below was sustained by competent evidence and the specifications of error are dismissed.

The decree is affirmed and the appeal dismissed at cost of the appellant.